UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James William Freese,

                Petitioner,     Case No. 19-cv-10967

v.                                  Judith E. Levy
                                     United States District Judge

Connie Horton,

                Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN <u>FORMA PAUPERIS</u>**

Petitioner James William Freese, a prisoner currently incarcerated at the Central Michigan Correctional Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his Alpena County, Michigan, convictions on five counts of first-degree criminal sexual conduct. Mich. Comp. Laws § 750.520b(1)(b). He argues that his trial counsel was constitutionally ineffective because he failed to investigate and present expert witness testimony and failed to object to a significant sentencing variable.

Because the Michigan Court of Appeals' decision denying these claims was not contrary to nor an unreasonable application of Supreme Court precedent, the petition for habeas corpus is denied. The Court also denies a certificate of appealability and grants Freese leave to proceed on appeal *in forma pauperis*.

I. **Background**

The Michigan Court of Appeals summarized Petitioner's case as follows:

> This case arises from allegations that defendant sexually molested his two nieces, KS and TM, for many years beginning in the 1990s. Their disclosures of abuse came after a criminal investigation was initiated against defendant's son for sexually abusing KS's daughter. Both women testified extensively about repeated abuse at the hands of the defendant over several years commencing when each was around 12 years of age. Following a four-day trial, a jury found defendant guilty as charged of five counts of first-degree criminal sexual conduct.

*People v. Freese*, No. 330251, 2017 WL 1488990, at *1 (Mich. Ct. App. Apr. 25, 2017) (per curiam), *aff'd* 501 Mich. 952 (Mem) (Jan. 3, 2018). Following his convictions, Petitioner received a sentence of 10 to 40 years for each count to be served concurrently, as well as lifetime electronic monitoring. *Id.* at *1.

Petitioner filed a direct appeal by right. There, he attacked his convictions by arguing the trial court erred in declining to hold an evidentiary hearing before ruling on a motion for a new trial; that newly discovered evidence, in the form of a psychologist's expert opinion, merited a new trial; and that his trial counsel was ineffective for failing to investigate or present such an expert witness. *Freese*, 2017 WL 1488990, *1–*2.

Petitioner also raised a sentencing claim of error, that offense variable ("OV") 6,[1] which addressed the number of victims placed in danger by the offense, was improperly assessed against him. Finally, Petitioner raised an ineffective assistance of counsel claim related to his sentencing challenge, arguing that his attorney should have objected to the OV 6 score because multiple victims were not present when Petitioner committed each offense. While the court of appeals addressed whether OV 6 was incorrectly applied, *Freese*, 2017 WL 1488990, *3, it did not rule on or mention Petitioner's related ineffective assistance challenge. The state court of appeals affirmed Petitioner's convictions and sentence. *Id*.

---

[1] Petitioner's offenses predated the legislative sentencing guidelines scheme that became effective in 1998, and Michigan's judicial sentencing guidelines were applied to calculate Petitioner's sentencing range. *Freese*, 2017 WL 1488990, *1–*2.

3

at *3. The Michigan Supreme Court affirmed the appeals court's decision in a standard form order. *People v. Freese*, 501 Mich. 952.

Petitioner filed this timely petition for a writ of habeas corpus through his attorney, raising two issues:

1. that his trial counsel was ineffective for failing to investigate or present an expert on human sexuality, which was necessary for the defense under the facts of this case; and

2. that his trial counsel was ineffective for failing to object to a significant sentencing variable, which resulted in the erroneous inflation of the sentencing range applied to Petitioner's sentence.

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's

determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

However, "the stringent requirements of § 2254(d) apply only to claims that were 'adjudicated on the merits in State court proceedings.'" *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014) (citing *Cullen*, 563 U.S. at 181). If the state court did not adjudicate a claim on the merits, the Court may examine the issue *de novo*. *Rompilla v. Beard*, 545 U.S. 374,

5

390 (2005) (citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *see also Bies*, 775 F.3d at 395 (citing *Cullen*, 563 U.S. at 182; *Robinson v. Howes*, 663 F.3d 819, 822–23 (6th Cir. 2011)). In other words, under those circumstances, "the deferential standard of review mandated by the AEDPA does not apply." *Higgins v. Renico*, 470 F.3d 624, 630–31 (6th Cir. 2006).

### III. Discussion

#### A. Failure to Investigate or Present Expert Witness

Petitioner argues two theories of ineffective assistance of trial counsel in his petition. His first is that counsel failed to investigate and present a psychologist as an expert witness at trial. *Freese*, 2017 WL 1488990, at *2. The state court held that the defense "had 'a well-reasoned and conventional defense' attacking the credibility of the complaining witnesses[]" without an expert, and therefore the failure to procure one was strategic. *Id*. The court declined to "substitute its judgment" for counsel's on the issue of trial strategy. *Id*. It rejected the ineffective assistance challenge because calling an expert "regarding 'typical' behaviors of either victims or perpetrators would not have

6

altered the outcome of the trial"; hence, Petitioner did not show he was prejudiced by counsel's failure. *Id.*

Claims for habeas relief based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). That is, a habeas petitioner must show "that counsel's representation fell below an objective standard of reasonableness[,]" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694)). *Strickland* requires a "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Abby*, 742 F.3d at 226 (citing *Strickland*, 466 U.S. at 689).

7

AEDPA provides the second layer of deference, under which a federal habeas court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 134 S. Ct. at 18). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

On the question of whether a failure to investigate is ineffective assistance of counsel, "[i]t is well-established that '[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005) (citing *Strickland*, 466 U.S. at 691). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* (citing *Strickland*, 466 U.S. at 691). "'The relevant question is not whether counsel's choices were strategic, but whether they were reasonable.'" *Id.* (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 481 (2000).

8

The state court was not unreasonable in finding that Petitioner's counsel was not ineffective and that Petitioner was not prejudiced by counsel's failure to consult an expert witness. *Babick v. Berghuis*, 620 F.3d 571 (6th Cir. 2010), is on point. In *Babick*, the Sixth Circuit rejected a claim of ineffective assistance for failure to consult an arson expert before deciding on a defense theory. *Id.* at 576. Because the evidence supporting arson was the strongest part of the prosecution's case, counsel abandoned a "not arson" defense and pursued its strongest theory, that the defendant was not the arsonist. *Id.*

Similarly, here, defense counsel did not consult an expert in psychology and human sexuality before deciding to proceed on the theory that Petitioner's accusers were not credible. Trial counsel cross-examined the victims at length about their inconsistencies and other evidence of unreliable testimony. (*See, e.g.*, Trial Tr., 8/11/15, ECF No. 5-10, PageID.645 (inconsistencies with the witness's preliminary examination testimony); Trial Tr., 8/12/15, ECF No. 5-11, PageID.682 (KS' testimony describing a letter she wrote disavowing earlier false statements, which she admitted were a "fraud on the court").) Counsel also introduced numerous witnesses to testify to the victims' untruthfulness. (Trial Tr.,

9

8/13/15, ECF No. 5-12, PageID.796–797 (testimony that TM is a "liar;" KS is a "liar"); *id.* at PageID.781 (KS told a witness Petitioner had not molested her); *id.* at PageID.793 (KS accused the father of one of her children of molesting her daughter, and then later retracted the accusation, stating that "he had never touched her.")).

In deciding that robust cross-examination and lay witnesses provided the strongest defense, counsel made "a reasonable decision that 'ma[de] particular investigations unnecessary,'" especially under *Strickland*'s "heavy measure of deference." *Towns*, 395 F.3d at 258 (citing *Strickland*, 466 U.S. at 691). In addition, counsel may have reasoned that calling an expert witness to opine on the victims' behavior might have encouraged the prosecution to obtain its own expert to advance its case and undermine the defense.[2] *See United States v. LaVictor*, 848 F.3d 428, 442–43 (6th Cir. 2017) (citing *United States v. Young*, 316 F.3d 649, 657

---

[2] Petitioner relies on information that an expert witness, Dr. Andrew Barclay, could have provided regarding sexual-offender profiles. However, at least one other court has excluded Barclay's testimony under Michigan Rule of Evidence 702. Accordingly, it is not clear that Barclay's opinions would have been admissible at Petitioner's trial. *See People v. Dobek*, 274 Mich. App. 58, 94–95 (2007) (concluding that Barclay's proposed testimony on sex-offender profiles "was neither sufficiently scientifically reliable nor supported by sufficient scientific data," and that the "proffered evidence would not assist the trier of fact to understand the evidence or determine a fact in issue").

10

(7th Cir. 2002) (expert testimony to explain a victim's recantation); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 745 (7th Cir. 2003) (expert opinion that a victim's lack of detailed recollections could "be consistent with that of a person who was raped")).

The state court's holding that Petitioner's trial attorney was not constitutionally ineffective was not unreasonable. Petitioner is not entitled to relief on this claim.

### B. Failure to Object to Sentencing Variable

The state court did not address or mention Petitioner's second claim of ineffective assistance, which Respondent concedes. (*See* Resp., ECF No. 4, PageID.104–105.) Petitioner argues that his counsel should have objected to the assessment of offense variable 6, involving the number of victims in danger. Without the variable's 10 points for 2 or more victims, his guideline range would have dropped from 96 to 180 months to 36 to 96 months, and the trial judge indicated its intent to sentence Petitioner within his calculated guideline range. (Sent'g Tr., ECF No. 5-14, PageID.857.)

In fact, trial counsel did object to the application of OV 6 to Petitioner's circumstances, on the theory that no victims had been placed

11

"in danger of injury." (*Id.* at PageID.851.) Petitioner's theory on this issue is that counsel should have objected on a second basis, that no more than one victim was at risk during any of the incidents for which he was convicted, because the victims were alone with Petitioner in each case.

Because the state court never reached this issue, it was not "adjudicated on the merits," and AEDPA deference does not apply. *Rompilla*, 545 U.S. at 390. Instead, *Strickland* controls. Applying *Strickland* under *de novo* review, trial counsel was not constitutionally ineffective.

Because the charges against Petitioner were alleged to have happened before 1998, he was sentenced under the judicial guideline sentencing scheme then in effect. *Freese*, 2017 WL 1488990, *1–*2. Offense variable 6 defined the number of victims as "each person who is placed in danger of injury or loss of life." *People v. Chesebro*, 206 Mich. App. 468, 473 (1994), *overruled on other grounds by People v. McGraw*, 484 Mich. 120 (2009). Petitioner relies on the reasoning of *People v. Gullet*, 277 Mich. App. 214, 217–18 (2007), which held that because no child other than the victim was present at the time of the assault, it was improper to apply points for two or more victims. *Id.* at 218 (applying

12

*Chesebro*, 206 Mich. App. at 471, and noting the former OV 6 "substantially corresponds" to the legislative guidelines' OV 9).

Trial counsel's performance was not ineffective for this omission, because "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 702 (2002) (other citations omitted)). The *Strickland* performance standard, even without AEDPA deference, remains a "high bar." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). *Strickland*'s first prong is only satisfied "when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment.'" *Id*. (citing *Strickland*, 466 U.S. at 687). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (citing *Strickland*, 466 U.S. at 688).

In *Yarborough v. Gentry*, the Supreme Court reversed the Ninth Circuit's finding of ineffective assistance. *See* 540 U.S. 1. The Ninth Circuit based its decision on counsel's failure to "highlight various other potentially exculpatory pieces of evidence" during closing argument. 540

13

U.S. at 6 (citing *Gentry v. Roe*, 320 F.3d 891, 900 (9th Cir. 2003)). The lower court indicated that the following facts were among those that should have been raised: the victim's drug use at the time she was stabbed, as well as her inconsistent testimony; eyewitness testimony that was consistent with the defendant's account; and evidence that supported finding the stabbing accidental. *Id*. at 6–7.

The Supreme Court disagreed, observing that "[t]hese other potential arguments do not establish that the state court's decision was unreasonable." *Id*. at 7. It noted that some of the omitted facts were ambiguous; others "might well have backfired[,]" in that the "prosecutor could have exploited [them] to great advantage in her rebuttal." *Id*. The *Yarborough* Court concluded that "[e]ven if some of the arguments would unquestionably have supported the defense, it does not follow that counsel was incompetent for failing to include them. Focusing on a small number of key points may be more persuasive than a shotgun approach." *Id*.

Here, Petitioner's trial counsel objected to scoring offense variable 6 at sentencing, arguing that "there was no danger of injury or loss of life . . ." (Sent'g Tr., ECF No. 5-14, PageID.851.) He did not argue the

14

alternative theory Petitioner raises, that only one victim at a time was in danger because they were alone with the defendant when the assaults occurred. Arguing the latter might have risked reminding the sentencing court of the vulnerability of the young victims. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough*, 540 U.S. at 8 (citing *Strickland*, 466 U.S. at 690).

*Strickland*'s presumptions of reasonable professional assistance and strategy apply here, and Petitioner has not refuted those presumptions. Petitioner received competent representation, which is what the Sixth Amendment requires; he is not entitled to "perfect advocacy." *Yarborough*, 540 U.S. at 8. The omission does not rise to a "professional error of constitutional magnitude." *Id*. at 9. Relief is denied on this claim.

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability. However, the Court grants Petitioner's leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

V. **Conclusion**

For the reasons set forth above, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: February 13, 2023           s/Judith E. Levy
    Ann Arbor, Michigan           JUDITH E. LEVY
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2023.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager